# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DRELIJAH JOSHUA MUHAMMAD, II,** a/k/a, **MARCUS ORLANDO TAITE,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 06-0228-BH-C** |
| **GEORGE McINTYRE, III, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a complaint under § 1983 and paid the $250 filing fee. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). After review of the complaint and its attachments, it is recommended that this action be dismissed with prejudice for lack of subject matter jurisdiction.

## I.  Complaint (Doc. 1).

Plaintiff identified as defendants George McIntyre, III, branch manager for the Merchants Bank, Jackson, Alabama, and Lakeisha L. Washington, plaintiff's wife (*see* Doc. 5). Plaintiff's complaint and attachments contain the following allegations. After plaintiff was arrested for a parole violation on February 9, 2006 (ex. B), plaintiff sent a letter on February 20, 2006 to the Merchants Bank to cancel his checking account and

ATM card (ex. A).  Even though plaintiff had notified the bank to cancel his checking account and ATM card, the bank allowed money to be withdrawn from plaintiff's checking account (ex. C).  After having been notified of the unauthorized use of plaintiff's account, defendant McIntyre wrote a letter to plaintiff on March 22, 2006, advising him that the bank required him to submit an affidavit stating the money was not authorized to be taken from his account (ex. D).  Plaintiff, however, was incarcerated so he could not go to the bank.  (Nevertheless, the Court notes that the letter also stated an affidavit would be sent to plaintiff (ex. D)).  Plaintiff claims that his rights under the Constitution were violated and that defendant McIntyre failed to cancel his ATM card, to close his checking account, and to follow FDIC procedures.  For relief, plaintiff seeks $8 million in compensatory damages, with $4 million to be deposited into his savings account and $4 million to be deposited into his checking account.[1]

## II. Discussion.

A federal court is a court of limited of jurisdiction.  *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  That is, a federal court is authorized to entertain only certain actions that the Constitution or Congress has authorized it to hear.  *Id.*  "It is to be presumed that a cause lies outside this limited

---

[1]After filing this action, plaintiff filed another action, *Muhammad v. McIntyre, et al.,* CA 06-0327-M.  *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981) (finding a court can take judicial notice of its records).  In his subsequent action, plaintiff attached to the complaint a letter that he received from Mr. McIntyre, indicating the bank sent plaintiff a check for the balance in his checking account and for the money plaintiff alleged that Ms. Washington had withdrawn from the account (ex. A).

jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction,. . . ." *Id.* (citations omitted).  The federal court should inquire whether it has jurisdiction at the earliest possible time or whenever jurisdiction appears to be wanting. *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999); *Kelly v. Harris,* 331 F.3d 817, 819 (11th Cir. 2003) (A federal court is obligated "to examine *sua sponte* [its] jurisdiction before reaching the merits of any claim."). Thus, a federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts demonstrating the existence of the court's jurisdiction.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980) (same).[2] Once the federal court determines that it lacks subject matter jurisdiction, it may not proceed further and must dismiss the action *sua sponte*.  *University of South Alabama,* 168 F.3d at 410.

     A complaint seeking to enforce a violation of a constitutional right or federal law, such as plaintiff seeks to do, invokes this Court's federal question jurisdiction except "where the federal question 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'"  *Southpark Square Lmtd. v. City of Jackson, Miss.*, 565 F.2d 338, 341 (5th Cir.) (quoting *Bell v. Hood*, 327 U.S. 678, 681-82, 66 S.Ct. 773, 776, 90 L.Ed.2d 939

---

[2]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(1946)), *cert. denied*, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978); *see Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998); *Wyke v. Polk County School Bd.,* 129 F.3d 560, 566 (11th Cir. 1997). A claim is insubstantial when it is obviously without any legal merit, that is, lacking in any plausibility, or is precluded by a prior Supreme Court decision. *Southpark Square,* 565 F.2d at 340-41.

Upon review of plaintiff's complaint, the court finds that plaintiff's action is insubstantial and frivolous. Section 1983 requires that a defendant have acted under color of state law when the complained of conduct was committed that violated the plaintiff's "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). Here, plaintiff does not allege that either defendant acted under color of state law when a violation of his rights allegedly occurred.

However, to determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. *National Broadcasting Co., Inc. v. Communication Workers of America, AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988) (footnote omitted). The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." *NBC*, 860 F.2d at 1026 (citations omitted). The state compulsion test limits state action to instances where the government "has coerced or at

> least significantly encouraged the action alleged to violate the
> Constitution." *NBC*, 860 F.2d at 1026 (citations omitted).
> The nexus/joint action test applies where "the state has so far
> insinuated itself into a position of interdependence with the
> [private party] that it was a joint participant in the enterprise."
> *NBC*, 860 F.2d at 1026-27 (citations omitted).

*Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir.), *cert. denied*, 510 U.S. 976, 114 S.Ct. 468, 126 L.Ed.2d 420 (1993).

In the present action, plaintiff names as defendants entities that typically do not act under color of state law. That is, defendant McIntyre is a branch manager of the Merchants Bank, and defendant Washington is plaintiff's wife. No showing has been made that either defendant acts under color of state law. Specifically, the allegations do not indicate that either defendant performed a traditional state function, was coerced by the state, or was a joint participant with the state in business. Therefore, considering who these defendants are and that these defendants do not act under color of state law, plaintiff's complaint is insubstantial and frivolous because it is lacks legal merit. Therefore, plaintiff's complaint does not invoke this court's subject matter jurisdiction.

## III. <u>Conclusion</u>.

Based upon the foregoing reason, it is recommended that this action be dismissed with prejudice for lack of subject matter jurisdiction.[3]

The attached sheet contains important information regrading objections to the

---

[3] Because the undersigned has entered this report and recommendation, plaintiff's pending motions on the docket that have been referred to the undersigned are moot.

report and recommendation.

  **DONE** this 26th day of September, 2006.


              <u>s/WILLIAM E. CASSADY            </u>
              **UNITED STATES MAGISTRATE JUDGE**


**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l. *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988);

*Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                s/WILLIAM E. CASSADY
                                                UNITED STATES MAGISTRATE JUDGE